RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 11/19/09
BY___ CO

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES W. MAYFIELD, ET AL. | CIVIL ACTION NO. 08-0861 |
| VERSUS | JUDGE ROBERT G. JAMES |
| NEWELL RUBBERMAID, INC., ET AL. | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 52] filed by third-party Defendant Newman-Green, Inc. ("Newman-Green") against Defendants Irwin Industrial Tool Company and Travelers Property Casualty Company of America (collectively "Irwin"). Newman-Green contends that it does not owe contractual indemnity to Irwin for claims asserted against it by Plaintiffs Charles W. Mayfield, Greg Mayfield, and Gary Watts. For the following reasons, the Motion is GRANTED. Irwin's third-party demand, insofar as it could be understood as a claim against Newman-Green for contractual indemnity, is DISMISSED WITH PREJUDICE.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an alleged incident on June 30, 2007, in Ouachita Parish, Louisiana. Plaintiffs allegedly purchased a Bernzomatic PowerCell Fuel System torch kit ("the torch") for use in an Independence Day fireworks demonstration. [Doc. No. 1]. During the demonstration, the torch allegedly malfunctioned causing various personal injuries to the Plaintiffs. *Id.*

Newman-Green allegedly manufactured a component part of the torch, a "K-28" valve ("the valve"), located at the top of the torch. It sold the valve to Enviro-Safe Refrigerants, Inc. ("Enviro-

1

Safe") who assembled the valve with a foam insert and fuel canister. Enviro-Safe then sold the assembly to Irwin who incorporated the assembly with other parts to make the torch.

On June 17, 2008, Plaintiffs filed suit against Irwin and Newell Rubbermaid, Inc. ("Newell"). [Doc. No. 1]. On July 1, 2008, the Court dismissed Newell from suit. [Doc. No. 3].

On April 8, 2009, Irwin filed a third-party demand naming several parties, including Newman-Green, as third-party defendants. [Doc. No. 23]. Irwin alleges that Newman-Green owes tort indemnity to it for the claims asserted against Irwin by the Plaintiffs. Newman-Green, however, reads Irwin's third-party demand as a claim that Newman-Green owes contractual indemnity as well.

On October 23, 2009, Newman-Green filed a Motion for Summary Judgment. [Doc. No. 52]. On November 5, 2009, Irwin filed a Memorandum in Opposition to the Motion. [Doc. No. 55].

## II.     LAW AND ANALYSIS

### A.     Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby. Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party. *Id.*

B.  **Indemnity**

Newman-Green reads Irwin's third-party demand as a claim that it owes contractual indemnity to Irwin. Newman-Green asserts that it had no contract with Irwin, and, therefore, it does not owe contractual indemnity to Irwin.

Irwin's third-party demand alleges that the "relationship between [Irwin] and . . . one or more of the third party defendants, is governed, in whole or in part, by written contract(s) entered into between them." [Doc. No. 17]. Irwin admits that Newman Green is not "one or more of the third party defendants" to whom the contractual indemnity portion of the third-party demand was meant to refer.[1] Irwin and Newman-Green, therefore, are in agreement that Newman-Green does not owe contractual indemnity to Irwin for the claims asserted against it by the Plaintiffs.

III.  **Conclusion**

Accordingly, Newman-Green's Motion for Summary Judgment is GRANTED. Irwin's third-party demand, insofar as it could be understood as a claim against Newman-Green for contractual indemnity, is DISMISSED WITH PREJUDICE.[2]

MONROE, LOUISIANA, this 18 day of November, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] Irwin's third-party demand also adds ITW Sexton, Crest Foam Industries Inc., and Enviro-Safe as third-party defendants to whom the contractual indemnity portion of the third-party demand may refer.

[2] This ruling has no affect on Irwin's tort indemnity claim against Newman-Green.