UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHARLES W. MAYFIELD, ET AL     CIVIL ACTION NO. 08-cv-0861

VERSUS     JUDGE JAMES

NEWELL RUBBERMAID, INC., ET AL     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

The several Plaintiffs allege that some of their members purchased a Bernzomatic PowerCell Fuel System (8 oz.) torch kit with trigger start to use to light the fuses on fireworks at an annual Independence Day fireworks demonstration for their church and community. Plaintiffs allege that the product was being used in an appropriate manner when the canister on the torch kit suddenly ruptured, allowed propane gas to escape, and caused a large fireball that ignited approximately 4,000 pounds of fireworks. Some of the Plaintiffs allege that they were injured in the explosion, and others claim damages for loss of consortium or for mental anguish caused by witnessing the injuries.

Plaintiffs allege that defendant Irwin Industrial Tool Company ("Irwin") was a manufacturer of the product. Plaintiffs allege that the product was defective and unreasonably dangerous in construction and composition, in design, and for lack of adequate warning.

Irwin and its insurer filed a third-party demand against ITW Sexton, Crest Foam Industries, Inc., Newman-Green, Inc. ("Newman-Green"), and Enviro-Safe Refrigerants, Inc. Irwin alleges that these third-party defendants manufactured and supplied or were otherwise "involved in the manufacture and/or supply of, various components of" the product. Third-Party Demand at Doc. 23, ¶ V.

Irwin identifies the component provided by each third-party defendant. Newman-Green is alleged to have "manufactured and supplied the product's K-28 valve." ¶ VIII. Irwin does not identify any alleged defect in the valve (or any other component provided by the third-party defendants) or other factual basis on which Newman-Green could be liable to Irwin for indemnity. Irwin simply alleges that Newman-Green and the other third-party defendants, as manufacturers or suppliers of various component parts of the product, are or may be liable to Irwin if Irwin is found liable to Plaintiffs. ¶ X. Irwin then sets forth counts for contractual indemnity as well as tort/common law indemnity.

Newman-Green and its insurer recently obtained summary judgment in their favor that dismissed the contractual indemnity claim for lack of such a contract. Docs. 61 and 62. Now before the court is a Motion to Dismiss (Doc. 51) by which Newman-Green attacks the common law or tort-based indemnity counts. Newman-Green argues that Irwin has not alleged facts that state a claim for relief against Newman-Green.

**Rule 12(b)(6) Standard**

A defendant may challenge a complaint by filing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In assessing the motion, the court must accept as true all well-pleaded facts in the complaint and view those facts in the light most favorable to the plaintiff. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007), quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

**Analysis**

Newman-Green points out that the third-party demand does not allege any defect in the K-28 valve it provided. Irwin concedes that it cannot specifically allege how the Newman-Green valve might have been defective. Irwin states that its lack of specificity is the result of two things. First, Plaintiffs have not yet articulated a specific theory of what happened in the accident so have not yet implicated any specific component of the product as causing the accident. Second, Irwin states that it was facing the deadline in the court's scheduling order for amendment of pleadings and joinder of parties when it elected to file its third-party demand against the component manufacturers. Irwin feared that it would not

be able to add those third parties later if it waited until discovery and other investigation determined which of the four component providers might actually be at fault.

The court is sympathetic to Irwin's predicament with respect to the deadline for joinder of parties, but that does not permit the filing of a third-party demand that simply lists every provider of a component part and asserts a claim for indemnification. None of the component providers will be liable unless Irwin can allege and establish that a particular component was unreasonably dangerous within the meaning of the Louisiana Products Liability Act. Irwin has not alleged any facts that would suggest any such defect in the component provided by Newman-Green.

The few facts that are available in the pleadings indicate that Plaintiffs contend that it was a canister that ruptured, with no indication that the valve provided by Newman-Green was responsible. Irwin has not set forth facts, as opposed to mere conclusions, that suggest it has a right to relief against Newman-Green beyond a mere speculative level. Newman-Green is, therefore, entitled to dismissal of the claim against it.

Irwin argues that Newman-Green's motion to dismiss should be denied and that Newman-Green should have to attack the claim by a motion for summary judgment. If Irwin cannot allege any facts to suggest a plausible basis for imposing liability on Newman-Green, then the claim need not proceed to that step of the litigation.

As noted above, the court understands Irwin's position with regard to the facts still being explored and the scheduling order deadlines passing. If Irwin should later discover

facts that would allow it to plead with sufficient specificity a claim against Newman-Green, Irwin may file a motion for leave to do so.  When leave to amend is sought beyond the scheduling order deadline, a party must show good cause to modify the scheduling order. S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).  Therefore, Irwin should act promptly to discover and explore the relevant facts.[1]

Accordingly;

**IT IS RECOMMENDED** that Newman-Green, Inc.'s **Motion to Dismiss (Doc. 51)** be **granted**, and that all remaining claims set forth against Newman-Green in the third-party demand be **dismissed** for failure to state a claim upon which relief can be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

---

[1] Newman-Green's request for a quick dismissal is not without risk due to the possibility (depending on how discovery unfolds) that it could be re-added as a third-party defendant.  When new parties are added late in litigation, they sometimes ask for leave of court to depose witnesses who were already deposed earlier in the case.  Whether that is allowed depends, of course, on the circumstances of each case.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of April, 2010.

                                              MARK L. HORNSBY
                                   UNITED STATES MAGISTRATE JUDGE